**KELLEY DRYE & WARREN LLP**

NEW YORK, NY   WASHINGTON, DC   CHICAGO, IL   HOUSTON, TX
LOS ANGELES, CA   SAN DIEGO, CA   PARSIPPANY, NJ   STAMFORD, CT

Randall L. Morrison Jr.
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (212) 808-7544
Fax: (212) 808-7897
RMorrison@KelleyDrye.com

February 17, 2023

**By ECF**

Chief Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Jeanne L. LaFrantz v. Diocese of Brooklyn, et al.*;
               Case No. 21-cv-04920-DLI-CLP

Dear Magistrate Judge Pollak:

      We represent defendant The Roman Catholic Diocese of Brooklyn, New York (the "Brooklyn Diocese") in the referenced matter. Pursuant to the Court's February 3, 2023 minute entry order, we write to outline the Brooklyn Diocese's objections to plaintiff's deposition notices served on January 29, 2023 for the depositions of: (i) Bishop Emeritus Nicholas DiMarzio; (ii) Bishop Emeritus Raymond Chappetto; and (iii) Bishop Witold Mroziewski. For the reasons set forth below, the Brooklyn Diocese respectfully requests that the Court schedule a conference to discuss further the issues raised herein, or, alternatively, grant the Brooklyn Diocese permission to make a motion to quash plaintiff's deposition notices.

      The amended complaint asserts five causes of action against the Brooklyn Diocese under the CVA. *See* ECF No. 28. Count I asserts a negligence claim. *Id.*, ¶¶59-82. Count II asserts a negligent hiring and retention claim. *Id.*, ¶¶83-95. Count III asserts a gross negligence claim. *Id.*, ¶¶96-111. Count IV asserts a premises liability claim. *Id.*, ¶¶112-118. Count V asserts a breach of fiduciary duty claim. *Id.*, ¶¶119-132. On June 27, 2022, the Brooklyn Diocese filed a motion to dismiss the amended complaint. *See* ECF 40. The Brooklyn Diocese's motion to dismiss remains *sub judice*.

      Plaintiff's counsel served the three notices on January 29, 2023. Pursuant to the Court's February 3 minute order, the parties met and conferred on February 13, 2023. The Brooklyn Diocese objected to the notices on the grounds that none of the three deponents can provide any relevant testimony; none of the three deponents were even ordained in the ministry at the time of plaintiff's alleged abuse. Plaintiff alleges her abuse occurred in 1966 and years prior. All three deponents were ordained in 1970. During the relevant time period, DiMarzio and Chappetto

Chief Magistrate Judge Cheryl L. Pollak
February 17, 2023

were in college or the seminary[1]; Mroziewski was a newborn child in Poland in 1966.[2] Although plaintiff's counsel took the position that these three individuals are "fact witnesses," they declined to say how that could possibly be the case or what relevant testimony any of them could provide.

### Relevant Factual and Procedural History

Plaintiff alleges that she was sexually abused in the early to mid-1960s at St. Mary's Roman Catholic Church in Long Island City where she was a student. Specifically, the amended complaint alleges that plaintiff was ten years old and in sixth grade when Father John Campbell allegedly began sexually abusing her. ECF No. 28, ¶19. The alleged abuse occurred weekly at St. Mary's school and continued for approximately six years until plaintiff left St. Mary's to attend high school at Mater Christi Diocesan High School ("Mater Christi") in Queens. *Id.*, ¶¶20; 49-50. During her freshman year at Mater Christi, plaintiff attended confession where she informed the priest that "she had been forced to engage in sexual acts" with Campbell. *Id.*, ¶¶51-54. Plaintiff never told anyone else of the alleged abuse by Campbell. *Id.*, ¶55.

Father Campbell died in 1968 years before any of the individuals plaintiff seeks to depose were even ordained. Bishop DiMarzio was not ordained until 1970 and was not appointed to the Brooklyn Diocese until 2003.[3] Bishop Chappetto was ordained only in 1971 and was not appointed to the Brooklyn Diocese until 2012.[4] Bishop Mroziewski was ordained in 1991 and appointed to the Brooklyn Diocese in 2015.[5] None of these proposed deponents, therefore, could possibly possess first-hand knowledge of any facts that concern plaintiff's allegations or notice of Father Campbell's alleged propensity to commit sexual abuse in 1960 through 1966. Under these circumstances, there is simply "no basis on which to believe the witness[es] ha[ve] any unique personal knowledge of facts relevant to this action, and, to the extent that [they may], [their] knowledge is so far removed and tangential" that the burden of requiring them to sit for a deposition far outweighs any probative value in their testimony. *DDK Hotels v. Williams-Sonoma, Inc.,* 2020 WL 13450956, at *1 (E.D.N.Y. Nov. 30, 2020) (Pollak, M.J.).

---

[1] https://dioceseofbrooklyn.org/bishops/bishop-dimarzio/; https://dioceseofbrooklyn.org/bishops/raymond-chappetto/.

[2] http://www.catholic-hierarchy.org/bishop/bmroz.html.

[3] https://dioceseofbrooklyn.org/bishops/bishop-dimarzio/.

[4] https://dioceseofbrooklyn.org/bishops/raymond-chappetto/.

[5] http://www.catholic-hierarchy.org/bishop/bmroz.html.

Chief Magistrate Judge Cheryl L. Pollak
February 17, 2023

### There is No Basis for Plaintiff to Seek to Depose
### the Individuals Identified in the Deposition Notices

This Court should quash the notices under FRCP 26(c) and 26(b)(2)(c)(i).  None of the three proposed deponents have any relevant personal knowledge of anything pertaining to this case.

Courts have routinely precluded the taking of depositions of witnesses who lack relevant knowledge.  *See, e.g., Milione v. City Univ. of New York*, 567 F. App'x 38, 42 (2d Cir. 2014) (affirming district court's issuance of a protective order precluding the deposition of a witness because the witness had no "personal knowledge" nor "relevant knowledge" of the issues); *Janki Bai Sahu v. Union Carbide Corp.*, 528 F. App'x 96, 104 (2d Cir. 2013) (affirming district court's denial of the taking of depositions of witnesses because it would require the witnesses to testify on events that took place between fifteen and thirty-five years ago, and "no witness can be expected to provide accurate and detailed accounts of events so far in the past"); *Harris v. Computer Assocs. Int'l, Inc.*, 204 F.R.D. 44, 46 (E.D.N.Y. 2001) (denying request for deposition because, in part, the proposed deponent had no knowledge of the events in dispute).

Plaintiff should not be permitted to unduly burden the deponents or unduly burden the Brooklyn Diocese by harassing present and former senior officials.  The "apex doctrine" protects against this undue burden by limiting depositions of senior officials.  *Harapeti v. CBS Television Stations, Inc.*, 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021).  Recognizing that such depositions carry special concerns for burden and harassment, courts have held that "if a party seeks to depose a very senior official of an adversary entity, the adversary may obtain an order vacating the deposition notice if it can demonstrate that the proposed deponent has no personal knowledge of relevant facts and no unique knowledge of those facts."  *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 2006 WL 3476735, at *12 (S.D.N.Y. Nov. 30, 2006); *see also In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, 2006 WL 1328259, at *10 (S.D.N.Y. May 16, 2006) (denying motion to compel CEO and explaining that courts disfavor depositions of senior executives "unless they have personal knowledge of relevant facts."); *Treppel v. Biovail Corp.*, 2006 WL 468314, at *2 (S.D.N.Y. Feb. 28, 2006) ("Unless the executive has some unique knowledge, it may be appropriate to preclude a redundant deposition of that individual") (internal quotation marks omitted); *Six W. Retail Acquisition v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 102 (S.D.N.Y. 2001) ("Unless it can be demonstrated that a corporate official has some unique knowledge of the issues in the case, it may be appropriate to preclude a redundant deposition of [this] highly-placed executive" while allowing other witnesses with the same knowledge to be questioned.") (internal quotation marks omitted); *Rodriguez v. SLM Corp.*, 2010 WL 1286989, at *2 (D. Conn. Mar. 26, 2010)  ("[C]ourts frequently restrict efforts to depose senior executives where the party seeking the deposition can obtain the same information through a less intrusive means, or where the party has not established that the executive has some unique knowledge pertinent to the issues in the case.")

Chief Magistrate Judge Cheryl L. Pollak
February 17, 2023

    Moreover, both Bishop DiMarzio and Bishop Chappetto are retired from the Brooklyn Diocese. The "apex doctrine" extends to former executives. *See Harapeti*, 2021 WL 3932424, at *2; *Louis Vuitton Malletier*, 2006 WL 3476735, at *12.

    The "apex doctrine" applies here. None of the individuals that plaintiff seeks to depose could possibly have first-hand knowledge concerning the allegations set forth in the amended complaint. Plaintiff's alleged abuse ended in 1966. ECF No. 28, ¶3. Her alleged abuser, Father Campbell, resigned as a pastor in the Brooklyn Diocese on February 22, 1968 (JFC000007)[6]; his resignation letter was accepted by Bishop McEntegert on February 27, 1968 (JFC000005); his resignation was effective as of March 8, 1968 (*id.*); and Father Campbell died on April 16, 1968 (JFC000001-3). At the time of Father Campbell's death, none of the deponents were even ordained as ministers. Given these undisputed facts, there is no basis on which to believe that any of the three deponents have any unique personal, first-hand knowledge of facts relevant to this action.

    Accordingly, the Brooklyn Diocese respectfully requests that the Court schedule a conference to discuss further the issues raised herein, or, alternatively, grant the Brooklyn Diocese permission to make a motion to quash plaintiff's deposition notices.

    Thank you for your attention to this matter.

Respectfully,

Randall L. Morrison Jr.

RLM:dp

cc: Counsel for all parties (via ECF)

---

[6] All references to "JFC" refer to the Bates-Stamped pages within Father Campbell's clergy file previously produced to plaintiff's counsel.