**KELLEY DRYE & WARREN LLP**

NEW YORK, NY   WASHINGTON, DC   CHICAGO, IL   HOUSTON, TX
LOS ANGELES, CA   SAN DIEGO, CA   PARSIPPANY, NJ   STAMFORD, CT

**Randall L. Morrison, Jr.**
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel:  (212) 808-7544
Fax: (212) 808-7897
RMorrison@kelleydrye.com

November 28, 2023

<u>**By ECF**</u>
Hon. Nicholas G. Garaufis, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Jeanne L. LaFrantz v. St. Mary's Roman Catholic Church, et al.,
<u>Docket No.  21-cv-04920-FB-CLP</u>

Dear Judge Garaufis:

We represent defendant The Roman Catholic Diocese of Brooklyn, New York (the "Brooklyn Diocese"), sued as Diocese of Brooklyn. Pursuant to Rule IV.A of Your Honor's Individual Practices and Rules, we respectfully request a pre-motion conference concerning the Brooklyn Diocese's anticipated motion to stay this proceeding because its primary liability insurance company, Arrowood Indemnity Company ("Arrowood"), is the subject of liquidation proceedings in Delaware.

Arrowood, formerly known as Royal Indemnity Company, is a Delaware stock property and casualty insurance company, licensed in forty-nine states and in the District of Columbia to write health, property, surety, marine and transportation, and casualty insurance. Prior to November 6, 2023, Arrowood was in runoff and no longer writing any new business. However, between 1956 and 1977, certain of Arrowood's predecessor companies were the Brooklyn Diocese's primary general liability insurer and sold a number of primary and excess insurance policies to the Brooklyn Diocese. These policies were part of a comprehensive insurance program that provided insurance coverage to not only the Brooklyn Diocese, but also to all the parishes within the geographic and ecclesiastical territory of the Brooklyn Diocese and to other Catholic entities in Brooklyn and Queens. As a result of this, the Brooklyn Diocese and its parishes and other related entities insured under the Arrowood policies have tendered to Arrowood, for defense and indemnification, all CVA complaints filed against them alleging the negligent hiring, supervision, and/or retention of clergy members or other individuals alleged to have sexually abused minors during the Arrowood policy periods of 1956 through 1977. This is one such case, with the alleged abuse having occurred between 1960 and 1966.

On November 6, 2023, the Insurance Commissioner of the State of Delaware (the "Delaware Commissioner") filed a complaint against Arrowood in the Delaware Chancery Court

Hon. Nicholas G. Garaufis, U.S.D.J.
November 28, 2023
Page Two

for entry of a liquidation and injunction order declaring that Arrowood is insolvent, in an unsound financial condition, and "in a condition that renders its further transaction of insurance presently or prospectively hazardous to its policyholders." Complaint at ¶ 32, In re  Liquidation of Arrowood Indemnity Co., No. 2023-1126-LWW (Del. Ch. Nov. 6, 2023). (A copy of the Delaware Commissioner's complaint is enclosed as Exhibit A.) Contemporaneously with the filing of the complaint, the Delaware Commissioner filed a motion for entry of a liquidation and injunction order by consent requesting that the Delaware Chancery Court appoint the Delaware Commissioner as receiver of Arrowood, direct the receiver to take possession of the property and assets of Arrowood, and order the liquidation of Arrowood.

On November 8, 2023, the Delaware Chancery Court granted the Delaware Commissioner's motion for entry of a liquidation and injunction order. (A copy of the court's order is enclosed as Exhibit B.) Pursuant to the order, the court declared that "Arrowood is insolvent" and "[t]herefore, sufficient cause exists for the liquidation of Arrowood" pursuant to Delaware law. Liquidation and Injunction Order at 22, In re Liquidation of Arrowood Indemnity Co., No. 2023-1126-LWW (Del. Ch. Nov. 8, 2023). Further, the order provides for a stay of all underlying litigations involving Arrowood for at least 180 days. Specifically, paragraph 20 of the order states:

> All persons or entities that have notice of these proceedings or of this Order are hereby enjoined and restrained from instituting or further prosecuting any action at law or in equity, or proceeding with any pretrial conference, trial, application for judgment, or proceedings on judgment or settlements and such action at law, in equity, special, or other proceedings in which Arrowood is obligated to defend a party insured or any other person it is legally obligated to defend by virtue of its insurance contract for a period of 180 days from the date hereof. Notwithstanding the foregoing injunction, at any time during the 180-day period, the Receiver may at his discretion, when he deems it appropriate and in the best interest of the Arrowood estate, its policyholders or creditors, consent to allow any such proceeding or proceedings so enjoined to proceed.

Id. at ¶ 20, In re Liquidation of Arrowood Indemnity Co., No. 2023-1126-LWW (Del. Ch. Nov. 8, 2023).

Given the Delaware Commissioner's recent actions and based on our discussions with representatives of the New York Liquidation Bureau ("Liquidation Bureau"), we understand that the Liquidation Bureau will—likely within the next 60 days but possibly sooner—file for an ancillary receivership of Arrowood in New York. This will be done in order to protect the interests of Arrowood's policyholders and creditors in this state, including the Brooklyn Diocese. As is customary in these scenarios, we understand that the Liquidation Bureau's petition seeking appointment of an ancillary receivership will include a request that the New

**KELLEY DRYE & WARREN LLP**

Hon. Nicholas G. Garaufis, U.S.D.J.
November 28, 2023
Page Three

York Supreme Court stay all actions, lawsuits, or other proceedings in New York against Arrowood's insureds, including the Brooklyn Diocese and other related entities.

New York state courts have held that a court-ordered injunction from another state involving claims against insureds of an insolvent liability insurance company are entitled to full faith and credit in New York. See Dambrot v. REJ Long Beach, LLC, 39 A.D.3d 797, 799 (2d Dep't 2007) ("A stay by a court in another state enjoining and restraining all claims against insureds of an insolvent liability insurer is entitled to full faith and credit, and has the effect of suspending all proceedings against the insured as of its effective date."); see also Beecher v. Lewis Press Co., 238 A.D.2d 927, 927 (1st Dep't 1997) (finding that trial court erred in failing to give full faith and credit to order of Rhode Island court enjoining and restraining all claims against any assured of insolvent insurance company until further order of that court). Accordingly, the Delaware Chancery Court's Liquidation and Injunction Order is entitled to the full faith and credit of the New York courts.

Consistent with the stay requested in this case, on November 13, 2023, Hon. Robert M. Levy, U.S.M.J., ordered a stay of all proceedings in Murray v. Nazareth Regional High School et al., No. 1:20-cv-01471-NGG-RML (E.D.N.Y.). The Murray case involves defendant Nazareth Regional High School, which is an insured under the relevant Arrowood policies.

We have conferred with counsel for plaintiff Jeanne LaFrantz, who has requested until December 5, 2023 to provide a response as to whether plaintiff will consent to the requested stay.

\* \* \* \*

For the foregoing reasons, the Brooklyn Diocese hereby requests a pre-motion conference pursuant to Rule IV.A of Your Honor's Individual Motion Practices and Rules concerning the Brooklyn Diocese's anticipated motion to stay this proceeding in accordance with the Delaware Chancery Court's Liquidation and Injunction Order.

Respectfully,

Randall L. Morrison, Jr.

Enclosures

cc: Hon. Cheryl L. Pollak, U.S.M.J.  (via ECF)
    Counsel of record  (via ECF)

**KELLEY DRYE & WARREN LLP**

# EXHIBIT A

**EFiled:  Nov 06 2023 12:07PM EST**
**Transaction ID 71333973**
**Case No. 2023-1126-**

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| STATE OF DELAWARE ex rel. | ) |
| THE HONORABLE TRINIDAD | ) |
| NAVARRO, Insurance Commissioner | ) |
| of the State of Delaware, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| ARROWOOD INDEMNITY COMPANY, | ) |
| a Delaware Domestic Property & Casualty | ) |
| Insurance Company, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR ENTRY OF A
## LIQUIDATION AND INJUNCTION ORDER
## WITH BAR DATE PURSUANT TO 18 *DEL. C.* CH. 59

Plaintiff, the Honorable Trinidad Navarro, in his capacity as the Insurance Commissioner of the State of Delaware (the "Commissioner"), acting by and through the undersigned counsel, pursuant to 18 *Del. C.* ch. 59 including, but not limited to 18 *Del. C.* §§ 5905 and 5906, respectfully petitions this Honorable Court for the entry of a Liquidation and Injunction Order with Bar Date ("Liquidation Order") declaring that, *inter alia,* ARROWOOD INDEMNITY COMPANY ("Arrowood"), a Delaware domiciled property and casualty insurer, is insolvent, in an unsound condition, in a condition that renders its further transaction of insurance presently or prospectively hazardous to its policyholders, and meets the criteria for liquidation under 18 *Del. C.* §§ 5905 and

5906.  Further, as noted herein, pursuant to 18 *Del. C.* § 5905(9), Arrowood has consented to the entry of the Liquidation Order through a majority of its directors. The Commissioner further requests this Honorable Court to appoint the Commissioner as Receiver of Arrowood, direct the Receiver to take possession of the property and assets of Arrowood, and to liquidate Arrowood pursuant to the provisions of 18 *Del. C.* ch. 59. Because of the Arrowood's consent, the Commissioner has, contemporaneously with the filing of this Complaint, filed a Motion for Entry of Liquidation and Injunction Order by Consent ("Motion for Liquidation Order") with proposed form of Liquidation Order and a Motion to Expedite the Motion for Entry of Consent with a proposed form of Order ("Motion to Expedite").   In support of this Complaint, the Commissioner avers the following:

### BASIS FOR JURISDICTION

1.     The jurisdiction of this Court is provided by the provisions of 18 *Del. C.* ch. 59 known as the Delaware Uniform Insurer's Liquidation Act ("DUILA").

### THE PLAINTIFF

2.     The Plaintiff, Trinidad Navarro, is the Insurance Commissioner of the State of Delaware.

### THE DEFENDANT

3.     Defendant, Arrowood, is a Delaware corporation, incorporated on

or about December 3, 1979 under its former name, Royal Indemnity Company, and licensed by the State of Delaware, Department of Insurance (the "Department"), as a domestic stock property and casualty insurance company.

4.      Arrowood's registered agent and registered office within the State of Delaware is Corporation Service Company, 251 Little Falls Drive, New Castle County, Delaware 19808.  Its principal place of business is located at 3600 Arco Corporate Drive, Suite 150, Charlotte, NC 28273.

5.      Arrowood is licensed in forty-nine (49) states and in the District of Columbia. Arrowood is authorized to transact the business of health, property, surety, marine and transportation, and casualty insurance as defined in 18 *Del. C.* ch. 9.

6.      Arrowood is subject to the insurance laws of the State of Delaware, is further subject to oversight, supervision, and examination thereunder, and is subject to liquidation under the provisions of the DUILA.

7.      Arrowood is a wholly owned subsidiary of Arrowpoint Group, Inc. ("AGI"), a Delaware corporation, which in turn is wholly owned by Arrowpoint Capital Corp. ("ACC"), also a Delaware corporation, and Arrowood's ultimate parent.

8.      Arrowood has a wholly owned insurance subsidiary, Financial Structures Limited ("FSL"), a Bermuda domiciled company.

9.     Arrowood is currently in runoff[1] and is no longer writing any new business.

10.      ACC became the ultimate parent of Arrowood in 2007 through a purchase transaction that was reviewed, evaluated, and ultimately approved by the Department pursuant to the insurance laws of the State of Delaware.

11.     At the time of the 2007 transaction, Arrowood had already been in runoff.

12.     For the past fifteen (15) years, runoff claims have been settled fairly and with few policyholder or claimant complaints.

13.     The claims count has been reduced from the approximately 120,000 claims that existed at the beginning of the runoff to a current claim count of approximately 7,000.

14.     The later stages of every runoff present challenges, including the expected risk that with lower claims counts, the risk of significant adverse deviation increases because there is a smaller number of claims and a smaller monetary base to absorb adverse impacts.

---

[1]  In the insurance industry, "runoff" generally refers to situations where an insurer voluntarily ceases writing new business on one or more lines of its business but continues collecting premiums and paying claims as they come due on its existing business.  If the runoff includes all of the insurer's lines of business, the goal is to completely close operations while remaining solvent.  In order to succeed, assets and income must be maintained at sufficient levels to cover the remaining claims and administrative costs of handling those claims.

15.     As part of its regulation by the Department, Arrowood is required to file with the Department certain financial documents that include, but are not limited to, quarterly and annual financial statements.

16.     More specifically, quarterly financial statements ("Statutory Quarterly Statements") are required to be filed within forty-five (45) days after the end (close) of the quarter that is the subject of the Statutory Quarterly Statement.

17.     For example, the Statutory Quarterly Statement for the first quarter (Q1) is due on May 15, the second quarter (Q2) is due on August 15, and the third quarter (Q3) is due on November 15 (18 *Del. C.* Section 526(a)(1)).

18.     The annual statement ("Statutory Annual Statement") is required to be filed on or before March 1 of the year following the year that is the subject of the Statutory Annual Statement (18 *Del. C.* Section 526(a)).

19.     In addition, an audited Statutory-Basis Financial Statement ("Audited Statement") is due on June 1 of the year after the year-end that is the subject of the Statutory Annual Statement (18 *Del. Admin. C.* Section 301(4.1)).

20.     The 2022 Statutory Annual Statement reflected: total admitted assets of $666,599,706 (Assets, Line 28, Col. 3); total liabilities of $653,698,419 (Liabilities, Surplus and Other Funds, Line 28); and a policyholder surplus of $12,901,287 (Liabilities, Surplus and Other Funds, Line 37).  The 2021 Statutory

5

Annual Statement had reflected policyholder surplus of $50,317,287.[2]  A true and correct copy of excerpts from the 2022 Statutory Annual Statement that contain this information are attached hereto as Exhibit "A" and incorporated herein by reference as though set forth at length.  A complete copy of the 2022 Statutory Annual Statement has not been attached due to its length (246 pages).

21.     Note 1(D), Going Concern of the 2022 Statutory Annual  Statement states in pertinent part that:

> Based on the Company's evaluation, the Company has sufficient liquidity to continue as a going concern as defined in SSAP No. 1 Disclosures of Accounting Policies, Risks & Uncertainties, and Other Disclosures. However, as of December 31, 2022, the Company's Risk Based Capital (RBC) Ratio, which is the ratio of the Company's total adjusted capital to Authorized Control Level capital, has fallen below its RBC Mandatory Control Level.  At the Mandatory Control Level, the Delaware Department of Insurance (DOI) is mandated to place a company under its control *except* where, as is the case with the Company, such is a property and casualty insurance company that is no longer writing new business and is running off its existing liabilities.   Under these circumstances the Commissioner has the discretion to allow the continued run-off of the Company.  Nevertheless, the DOI could seek to place the Company in formal proceedings (i.e., rehabilitation or liquidation) at any time based on the Company's financial condition. The risk of a proceeding would be further increased if 1) the Company fails to execute successfully on its RBC Plan which the Company continues to operate under, 2) the Company fails to have sufficient liquid assets to meet its current obligations, or 3) the Company's reported statutory liabilities would exceed its reported statutory admitted assets.

---

[2]  In the Audited Statement for 2022, the auditors made a downward adjustment of Arrowood's capital and surplus from $12,901,287 to $9,444,000 which largely consists of a non-admitted adjustment with respect to FSL ($3.7m).

6

(Exhibit A, p. 14.1-14.2).

22.     Arrowood's statements made in Note1(D) referenced in the preceding paragraph regarding RBC and the Department's discretion under the circumstances regarding Arrowood, a property and casualty insurer in run-off, are consistent with, and expressed in, Title 18 ch. 58 of the Delaware Insurance Code including, but not limited to, Section 5806.

23.     The 2023 Statutory Quarterly Statement for the first quarter ("Q1 2023 SQS"), which was filed on or about May 15, 2023, reflected: total admitted assets of $619,269,450 (Assets, Line 28); total liabilities of $612,794,704 (Liabilities, Surplus and Other Funds, Line 28); and a policyholder surplus of $6,474,747 (Liabilities, Surplus and Other Funds, Line 37).  A true and correct copy of excerpts from the Q1 2023 SQS that contain this information are attached hereto as Exhibit "B" and incorporated herein by reference as though set forth at length.  A complete copy of the Q1 2023 SQS has not been attached due to its length (62 pages).

24.     The 2023 Statutory Quarterly Statement for the second quarter ("Q2 2023 SQS"), which was filed on or about August 15, 2023, reflected: total admitted assets of $595,121,172 (Assets, Line 28, Col. 3); total liabilities of $588,404,362 (Liabilities, Surplus and Other Funds, Line 28); and a policyholder surplus of $6,716,810 (Liabilities, Surplus and Other Funds, Line 37).  A true

7

and correct copy of excerpts from the Q2 2023 SQS that contain this information are attached hereto as Exhibit "C" and incorporated herein by reference as though set forth at length.  A complete copy of the Q2 2023 SQS has not been attached due to its length (60 pages).

25.     As a result of recent internal actuarial forecasts tracking the results of recent and projected claims activity, Arrowood projects that the 2023 Statutory Quarterly Statement for the third quarter, which is due to be filed on or about November 15, 2023, would reflect a negative overall surplus (i.e. the value of projected future claims and expenses exceed the value of assets when computed in accordance with statutory accounting principles) of approximately seventeen million dollars ($17,000,000).

26.     This deterioration in Arrowood's financial condition is due in large part to significant reserve strengthening of $25 million associated with several lines of Arrowood's insurance business.

27.     Statutory rules of accounting further require that certain assets be reduced in value for reporting purposes based on the decline in surplus.

28.     As a consequence of these changes Arrowood is insolvent.

29.     On November 3, 2023, at a duly noticed meeting, Arrowood's Board of Directors unanimously consented to the entry of a Liquidation Order and waived formal service and hearing on the Complaint. The Arrowood Board

consists of 9 directors. Prior to the meeting, the Board was provided with information related to the financial condition of Arrowood.  Presentations by Arrowood management were made to the Board regarding consent to liquidation and Arrowood management was available to answer questions. This unanimous consent was memorialized in Resolutions Adopted by the Board of Directors of Arrowood, a true and correct copy of which is attached hereto as Exhibit "D" and is incorporated herein by reference as though set forth at length.

GROUNDS FOR LIQUIDATION

30.     Sections 5906 and 5905 of Title 18 of the Delaware Code govern the process and grounds to place a Delaware domiciled insurer into liquidation in circumstances such as those presented here. They provide in pertinent part that:

> **§ 5906.  Grounds for liquidation**
>
> The Commissioner may apply to the court for an order appointing the Commissioner as receiver and directing the Commissioner to liquidate the business of a domestic insurer…upon any of the grounds specified in § 5905 of this title….[emphasis added]
>
> *                    *                    *
>
> **§ 5905.  Grounds for rehabilitation; domestic insurers.**
>
> The Commissioner may apply to the court for an order appointing the Commissioner as receiver of and directing the Commissioner to rehabilitate a domestic insurer upon one or more of the following grounds, if the insurer:

9

(1) Is impaired or insolvent or is in unsound condition or in such condition….as to render its further transaction of insurance presently or prospectively hazardous to its policyholders;

\*                              \*                              \*

(9) Has consented to such an order through a majority of the directors, stockholders, members or subscribers;

\*                              \*                              \*

31.     Section 5901(1) of Title 18 of the Delaware Code defines impairment or insolvency as follows:

(1) "Impairment" or "insolvency." —

The capital of a stock insurer…shall be deemed to be impaired, and the insurer shall be deemed to be insolvent, when such insurer is not possessed of assets at least equal to all liabilities and required reserves together with its total issued and outstanding capital stock…required by this title to be maintained for the kind or kinds of insurance it is then authorized to transact.

\*                              \*                              \*

32.     Arrowood, as of September 30, 2023, has a negative surplus of approximately seventeen million dollars ($17,000,000) and does not have assets at least equal to all liabilities and required reserves together with its total issued and outstanding capital stock that it is required to maintain pursuant to 18 *Del. C.* § 511.  Therefore, Arrowood is insolvent, in an unsound condition, and in a condition that renders its further transaction of insurance presently or prospectively hazardous to its policyholders under 18 *Del. C.* § 5901(1) and thus

10

liquidation is proper under § 5906.[3]

33.     In addition, the entry of a liquidation order with a finding of insolvency is expected to trigger the involvement of guaranty associations or similar funds and afford some statutory coverage under the enabling statutes for each such association or fund for many of the policy claims against Arrowood. Only a few state enabling statutes trigger involvement of a guaranty association or fund with a finding of insolvency without a liquidation order. The Receiver believes that many of the enabling statutes would provide the claimants with substantial coverage.

34.     The coverage afforded to some other claimants by guaranty associations or funds would be governed by those associations or funds' enabling statutes and the applicable limitations on and exceptions to the coverage.

35.     The availability of the guaranty fund coverage will mitigate the losses to policyholders.

36.     In addition, to avoid hardship to individuals, the Receiver intends to continue payments for medical expenses and indemnity payments for workers compensation claimants, payments for medical expenses and wage/income loss for motor vehicle claimants, and medical expense and wage/income loss

---

[3] The unanimous consent of the directors of Arrowood is also an independent ground for the entry of liquidation pursuant to §§ 5905(9) and 5906.

11

payments under similar programs, including but not limited to the Federal Black Lung program, until such time as the claims files are transferred to the applicable guaranty association and the guaranty association begins making payments to those individual claimants.

37.     Because Arrowood, the entity which would have standing to object to liquidation, meets the criteria of §§ 5905(1), 5905(9) and 5906 and has consented to liquidation and waived formal service and a hearing, this Court should find that the Commissioner's determination to place Arrowood into liquidation is a reasonable and appropriate exercise of his discretion.

38.     Because of the consent of Arrowood, through its Board of Directors, it is respectfully submitted that the Court can decide the financial status of Arrowood and the Motion on the papers submitted and a hearing is not necessary. *Cohen v. State ex rel. Stewart*, 89 A.3d 65 (Del. 2014) (holding hearing unnecessary where consent to liquidation given by board). *See also In re Rehabilitation of Scot. Re (U.S.), Inc.,* 274 A.3d 1019, 1028–29 (Del. Ch. 2022) ("Because the Company consented to the rehabilitation proceeding, a hearing on the Delinquency Petition was unnecessary"). Notwithstanding, the Commissioner's representatives are available should the Court require a hearing or other action with respect to this Motion.

39.     Accordingly, the Commissioner requests the entry of a Liquidation

12

Order because it is the appropriate remedy and respectfully submits that this Court should enter a declaration that Arrowood is insolvent and impaired, in such condition as to render its transaction of insurance presently or prospectively hazardous to its policyholders and should be liquidated.

## ORDER SOUGHT

40.    For the reasons set forth herein, the Commissioner, in his capacity as such and on behalf of his successors in office, seeks an Order declaring that: Arrowood is insolvent, in an unsound condition and a condition that renders its further transaction of insurance presently or prospectively hazardous to its policyholders.

41.    The Commissioner seeks to be appointed as the Receiver of Arrowood.

42.    The Commissioner seeks a Liquidation Order directing him to immediately take exclusive possession and control of and be vested with all right, title, and interest in, of, and to the property of Arrowood, as defined in the proposed form of Liquidation Order submitted with the Motion to Approve, and further authorizing the Receiver to take such actions as the nature of this cause and interests of the policyholders, other creditors, and stockholder(s) of Arrowood and the public may require.

13

43.    The Commissioner seeks a Liquidation Order authorizing him to manage the assets, business, and affairs of Arrowood, including, without limitation, the right to sue, defend, and continue to prosecute suits or actions already commenced by or for Arrowood, or for the benefit of Arrowood's policyholders, other creditors, and stockholder in the courts and tribunals, agencies, or arbitration panels for this State and other states or jurisdictions in his name as the Insurance Commissioner of the State of Delaware, or in the name of Arrowood.

44.    The Commissioner seeks to have the order vest him with right, title, and interest in and to all funds recoverable under treaties and agreements of reinsurance heretofore entered into by Arrowood as the ceding insurer or as the assuming insurer.

45.    The Liquidation Order sought would provide that the amounts recoverable are not diminished by reason of the unsound condition, impairment or insolvency of Arrowood, and would enjoin the termination, cancellation, failure to renew, or modification of coverage under any reinsurance or contract with Arrowood.   However, the form of Order sought would allow the Receiver to terminate or rescind any reinsurance or retrocession agreement or contract that is contrary to the best interests of the estate.

46.    The Commissioner seeks the entry of injunctive relief, to protect

14

Arrowood's policyholders and other creditors, pursuant to 18 *Del. C.* § 5904, which provides:

> (a)     Upon application by the Commissioner for such an order to show cause, or at any time thereafter, the court may without notice issue an injunction restraining the insurer, its officers, directors, stockholders, members, subscribers, agents and all other persons from the transaction of its business or the waste or disposition of its property until the further order of the court.

> (b)     The court may at any time during a proceeding under this chapter issue such other injunctions or orders as may be deemed necessary to prevent interference with the Commissioner or the proceeding or waste of the assets of the insurer or the commencement or prosecution of any actions or the obtaining of preferences, judgments, attachments or other liens or the making of any levy against the insurer or against its assets or any part thereof.

> (c)     Notwithstanding any other provision of law, no bond shall be required of the Commissioner as a prerequisite for the issuance of any injunction or restraining order pursuant to this section.

47.     Pursuant to 18 *Del. C.* § 5904, the Commissioner seeks to have the Court order that Arrowood, its officers, directors, stockholders, agents, servants, and employees and all other persons or entities, including but not limited to all banks, brokerage houses, financial institutions, creditors, or contractual counterparties, having notice of these proceedings or of the Liquidation Order be prohibited from transacting any business of Arrowood or selling, transferring, destroying, wasting, encumbering, or disposing of any property, assets, books, or

15

records of Arrowood in their possession, custody, or control, whether such assets, property, books, or records are or may be the property of Arrowood, without the prior written permission of the Receiver or until further Order of this Court. This prohibition would include, but not be limited to, property, books, or records pertaining to any business transaction between Arrowood and any of said parties. The Order would provide that no actions concerning, involving, or relating to such assets, property, or records may be taken by any of the aforesaid persons or entities enumerated herein, without the express written consent of the Receiver, or until further Order of this Court.

48. In addition, pursuant to 18 *Del. C.* § 5904, the Order sought would require third parties having notice of these proceedings or of the Liquidation Order to be prohibited from exercising or relying upon any contractual right which would permit such third party or parties from withholding, failing to pay, setting-off (except as provided by 18 *Del. C.* § 5927), or taking similar action with respect to any obligations owed to Arrowood.

49. Further, pursuant to 18 *Del. C.* § 5904, the Order sought would require all third parties having notice of these proceedings or of the Liquidation Order be prohibited from the commutation, termination, acceleration or modification of any agreement or the assertion of a default or event of default or otherwise exercising, asserting or relying upon any other right or remedy, based

upon (1) the filing of this Complaint for Entry of Liquidation and Injunction Order with Bar Date, (2) the entry of the Liquidation and Injunction Order, (3) the unsound condition or insolvency of Arrowood, or (4) the facts and circumstances set forth in this Complaint for Entry of Liquidation and Injunction Order without the prior written permission of the Receiver or until further Order of this Court. However, the form of Order sought would allow the Receiver to terminate or rescind any agreement that is contrary to the best interests of the estate.

50.   The Order sought would require all persons or entities holding or controlling assets, possible assets, property, books, or records of Arrowood to provide the Receiver with an accounting of such assets, possible assets, property, books, or records in their possession, custody, or control, regardless of whether such parties dispute the Receiver's right to such assets or property, and to turn over such assets, possible assets, property, books, and records within ten (10) days of notice of the entry of the Liquidation Order.

51.   The Commissioner seeks to have the Court order that all officers, directors, stockholders, agents, and employees of Arrowood, and all other persons and companies having notice of these proceedings or of this Order, be prohibited from instituting or further prosecuting any action at law or in equity or in other proceedings against Arrowood, or the Commissioner as Receiver, the Deputy

17

Receiver(s), or the Designees in connection with their duties as such, or from obtaining preferences, judgments, attachments, or other like liens or encumbrances, or foreclosing upon or making of any levy against Arrowood or the property or assets of Arrowood during these receivership proceedings or while such property or assets are in the possession and control of the Commissioner as Receiver, or in any way interfering with the Commissioner as Receiver in his possession and control of the property, books, records, and all other assets of Arrowood.

52.     The Order sought would also impose a stay of 180 days, pursuant to 18 *Del. C.* § 5904, of all proceedings in which Arrowood is obligated to defend a party in any court or tribunal in this State or in any other state or jurisdiction, to prevent interference with the Receiver's duties, to protect the policyholders entitled under their policies to a defense, and to permit the Receiver to prepare a proper defense of all pending causes of action, if appropriate. Notwithstanding the foregoing, the Order sought by the Commissioner would expressly authorize the Receiver to consent that any such proceeding or proceedings so stayed could proceed under circumstances where the Receiver determines, at his discretion, that it would be in the best interests of Arrowood estate, its policyholders, or other creditors, to do so.

53.     The Order sought by the Commissioner would also expressly

authorize him to reject any executory contract to which Arrowood is a party.

54.     The Order sought by the Commissioner also seeks to authorize the Receiver to continue payments for medical expenses and indemnity payments for workers compensation claimants, payments for medical expenses and wage/income loss for motor vehicle claimants, and medical expense and wage/income loss payments under similar programs, including but not limited to the Federal Black Lung program, until such time as the claims files are transferred to the applicable guaranty association and the guaranty association begins making payments to those individual claimants.

55.     The Order sought by the Commissioner would further provide that all persons would be enjoined and restrained from asserting any claim against the Commissioner as Receiver of Arrowood, his designees and others acting at his direction, against Arrowood, or against Arrowood's property or assets, except insofar as such claims are brought in the liquidation proceedings of Arrowood.

56.     The Order sought would provide for filing or recording of the Order in Delaware and other jurisdictions, as determined appropriate by the Receiver.

57.     The Commissioner further seeks an Order which provides for the Receiver's appointment of a Deputy Receiver and the appointment of other assistants ("Designees"), who would be deemed to have agreed to submit disputes concerning their rights, obligations, and compensation to this Court.

58.     By virtue of the requested Order, the Receiver would also be authorized to pay from the assets of Arrowood those administrative expenses which he has already incurred but not paid during the course of the efforts to examine Arrowood and file this Motion, including, but not limited to, attorneys' fees, accounting fees, consulting fees, and expenses of the Department, as administrative expenses of Arrowood estate under 18 *Del. C.* § 5913(f).

59.     The Commissioner further seeks a Liquidation Order which provides for indemnification of the Receiver, the Deputy Receiver, and the Designees (collectively the "Indemnitees") for their acts or omissions undertaken in good faith and without willful misconduct, gross negligence, or criminal intent during the liquidation proceeding.

60.     The Commissioner also believes that it is necessary to have the Court order a deadline for the submission of claims against the estate.  Due to the large number of claims and the anticipated complexity of this estate, the Receiver believes that a Bar Date of January 15, 2025 would be appropriate unless otherwise extended by the Court.  Bar dates are authorized in insurer liquidations in Delaware pursuant to 18 *Del. C.* §§ 5917 and 5929.  The provisions of 18 *Del. C.* § 5929(b) require that a bar date in a liquidation proceeding shall not be less than six months after the entry of the order of insolvency.

61.     **If the Court grants the Commissioner's Motion, all claimants shall**

20

be required to file their claims with the Receiver on or before January 15, 2025 unless extended by the Court, or be barred forever from recovering on their claims against Arrowood, or its estate.

62.     Notwithstanding, contingent claims which are not liquidated and absolute by the Bar Date, as well as other claims not submitted by the Bar Date, would still qualify as priority Class VII claims pursuant to 18 *Del. C.* § 5918(e)(7). However, those claims would not be entitled to share in any distributions of the estate's assets unless and until all higher priority claims were paid in full.

63.     The Commissioner's investigation indicates that insurance policies, surety bonds, or contracts of insurance are still in force.  Therefore, the proposed Order would require that all insurance policies, surety bonds, or contracts of insurance still in effect be cancelled and terminated as of: (1) the earlier of the expiration or termination date of the insurance policies, surety bonds or contracts of insurance; (2) the effective date and time of  replacement insurance policies, surety bonds, or contracts of insurance of the same type issued by another insurer; (3) the effective date and time of any legally authorized transfer of the insurance policies, surety bonds, or contracts of insurance; and (4) for all other insurance policies, surety bonds, or contracts of insurance not addressed above, such insurance policies, surety bonds, or contracts of insurance would be cancelled as of 12:01 a.m. on the thirtieth (30th) days after entry of the

Liquidation Order.

64.     Pursuant to 18 *Del. C.* § 5924, the rights and liabilities of Arrowood and of its creditors, policyholders, principals, obliges, claimants, stockholders, members, subscribers, and all other persons interested in its estate shall, unless otherwise directed by the Court, be fixed as of the date of this Liquidation Order, subject to the provisions of Chapter 59 of Title 18 of the Delaware Code with respect to the rights of claimants holding contingent claims.

65.     The Commissioner anticipates that the receivership estate would file reports of receipts and disbursements with the Court on an annual basis in a form consistent with past practice in other receiverships.  The proposed form of Liquidation Order also includes certain provisions pertaining to the filing of claims against the receivership estate and the caption of this matter.

66.     The Commissioner respectfully requests that this Honorable Court grant the relief sought herein in an expedited fashion because, as aforesaid, Arrowood is insolvent, in an unsound and hazardous condition, and the Commissioner, with the consent of Arrowood, needs to protect the assets of Arrowood for its policyholders and other creditors.

WHEREFORE, the Honorable Trinidad Navarro, in his capacity as the Insurance Commissioner of the State of Delaware, submits that sufficient cause exists for the liquidation of Arrowood Indemnity Company under 18 *Del. C.* §§

5905(1), 5906, and 5905(9).  Therefore, the Commissioner hereby petitions this Honorable Court for the entry of a Liquidation and Injunction Order with Bar Date substantially in the form filed contemporaneously herewith, and for such other and further relief as the Court deems just.

Respectfully submitted,

THE HONORABLE KATHY JENNINGS.
ATTORNEY GENERAL OF THE STATE
OF DELAWARE

By:   /s/ Kathleen P. Makowski
      Kathleen P. Makowski (DE Bar No. 3648)
      Deputy Attorney General
      Delaware Department of Insurance
      503 Carr Road, Suite 303
      Wilmington, DE 19809
      (302) 674-7326
      Email: Kathleen.Makowski@delaware.gov

Dated:  November 6, 2023       Attorney for Plaintiff,
                               The Honorable Trinidad Navarro
                               Insurance Commissioner of the State
                               of Delaware

# EXHIBIT B



**GRANTED WITH MODIFICATIONS**

EFiled: Nov 08 2023 01:53PM EST
Transaction ID 71339470
Case No. 2023-1126-LWW

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| STATE OF DELAWARE ex rel. | ) |
| THE HONORABLE TRINIDAD | ) |
| NAVARRO, Insurance Commissioner | ) |
| of the State of Delaware, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| ARROWOOD INDEMNITY COMPANY, | ) |
| a Delaware Domestic Property & Casualty | ) |
| Insurance Company, | ) |
| | ) |
| Defendant. | ) |

## LIQUIDATION AND INJUNCTION ORDER WITH BAR DATE

WHEREAS, the Honorable Trinidad Navarro, Insurance Commissioner of the State

of Delaware (the "Commissioner"), has filed a verified complaint (the "Complaint") and

Motion seeking the entry of a Liquidation and Injunction Order with Bar Date (the

"Motion") concerning Arrowood Indemnity Company ("Arrowood"), pursuant to 18 *Del.*

*C.* § 5901, *et seq.*;

WHEREAS, the Receiver has provided the Court with evidence sufficient to support

the conclusion that Arrowood is insolvent, in an unsound condition, a condition that

renders its further transaction of insurance presently or prospectively hazardous to its

policyholders, and has consented to the entry of a Liquidation and Injunction Order with

Bar Date through a majority of the directors of the corporation;

WHEREAS, this Court finds that sufficient cause exists for the liquidation of Arrowood, pursuant to 18 *Del. C.* §§ 5905 and 5906 and for the entry of a Liquidation and Injunction Order with Bar Date ("Liquidation Order") concerning Arrowood; and

WHEREAS, a formal hearing on the Commissioner's Motion is not necessary due to Arrowood's consent to the relief requested by the Motion and Arrowood's waiver of formal service of process and a formal hearing on the Motion;

NOW, THEREFORE, THE COURT FINDS AND ORDERS AS FOLLOWS:

1.      The verified Complaint, including the exhibits thereto, contain sufficient evidence to support the conclusion that Arrowood is insolvent, in an unsound condition, and a condition that renders its further transaction of insurance presently or prospectively hazardous to its policyholders.  Because Arrowood has not contested the Complaint or the Motion and has consented to entry of the Liquidation Order, the allegations of the Complaint are deemed admitted as against Arrowood for purposes of this proceeding.

2.      These allegations are also supported by the exhibits to the Complaint filed contemporaneously with the Motion.

3.      As a separate and independent basis for entry of the Liquidation Order, evidence that all of the directors of Arrowood to the entry of the Liquidation Order has been attached to the Complaint and submitted in support of the Motion.

4.      Given the determination set forth above, a formal hearing on the Motion is

not necessary.

5.      Consequently, it is hereby declared that: Arrowood is insolvent, in an unsound condition, and in a condition that renders its further transaction of insurance presently or prospectively hazardous to its policyholders.  Therefore, sufficient cause exists for the liquidation of Arrowood pursuant to 18 *Del. C.* §§ 5905, 5906, and 18 *Del. C.* ch. 59 and for the entry of a Liquidation Order concerning Arrowood.

6.      Pursuant to 18 *Del. C.* § 5913(a), the Commissioner and his successors in office are hereby appointed as the receiver (hereinafter the "Receiver") of Arrowood.

7.      Pursuant to 18 *Del. C.* §§ 5911 and 5913, the Receiver shall forthwith take exclusive possession and control of the property of Arrowood, liquidate its business, and deal with Arrowood's property and business in the name of the Receiver or in the name of Arrowood.  Further, the Receiver shall be vested with all right, title, and interest in, of, and to the property of Arrowood including, without limitation, all of Arrowood's assets, contracts, rights of action, books, records, bank accounts, certificates of deposits, collateral securing obligations to, or for the benefit of, Arrowood or any trustee, bailee, or any agent acting for or on behalf of Arrowood (collectively, the "Trustees"), securities or other funds, and all real or personal property of any nature of Arrowood including, without limitation, furniture, equipment, fixtures, and office supplies, wherever located, and including such property of Arrowood or collateral securing obligations to, or for the benefit of, Arrowood or any Trustee thereof that may be discovered hereafter, and all proceeds of or accessions

3

to any of the foregoing, wherever located, in the possession, custody, or control of Arrowood or any Trustee therefore (collectively, the "Assets").

8.      The Receiver may, at his election, change to his own name as Receiver, the name of any of Arrowood's accounts, funds, or other Assets held with any bank, savings and loan association, or other financial institution, and may withdraw such funds, accounts, and other Assets from such institutions or take any other action necessary for the proper conduct of this liquidation.

9.      The Receiver is further authorized to take such actions as the nature of this cause and interests of the policyholders, creditors, and stockholder of Arrowood and the public may require in accordance with 18 *Del. C.* ch. 59.

10.     The Receiver is hereby authorized to deal with the Assets, business, and affairs of Arrowood including, without limitation, the right to sue, defend, and continue to prosecute suits or actions already commenced by or for Arrowood, or for the benefit of Arrowood's policyholders, creditors, and shareholders in the courts, tribunals, agencies, or arbitration panels for this State and other states and jurisdictions in his name as Receiver of Arrowood, or in the name of Arrowood.

11.     The Receiver is hereby authorized to continue to make payments for medical expenses and indemnity for workers compensation claimants and for medical expenses and wage/income loss for motor vehicle claimants, and for medical expense and wage/income loss payments under similar programs, including but not limited to the Federal Black Lung

4

program, until such time as the claims files are transferred to the applicable guaranty association and the guaranty association begins making payments to the claimant.

12.     The Receiver is hereby vested with the right, title, and interest in and to all funds recoverable under treaties and agreements of reinsurance heretofore entered into by Arrowood as the ceding insurer or as the assuming insurer, and all reinsurance companies involved with Arrowood are enjoined and restrained from making any settlements with any claimant or policyholder of Arrowood other than with the express written consent of the Commissioner as Receiver, except as permitted by cut-through agreements or endorsements which were issued to the policyholder, which were properly executed before the date of this Order, which comply in all respects with 18 *Del. C.* § 914, as amended by 72 Del. Laws c. 405, and which were approved by the Delaware Insurance Department if such approval was required.  The amounts recoverable by the Receiver from any reinsurer of Arrowood shall not be reduced or diminished as a result of this receivership proceeding or by reason of any partial payment or distribution on a reinsured policy, contract, or claim, and each such reinsurer of Arrowood is hereby enjoined and restrained from terminating, canceling, failing to extend or renew, or reducing or changing coverage under any reinsurance policy, reinsurance contract, or letter of credit.  The Receiver may terminate or rescind any reinsurance policy or contract that is contrary to the best interests of the receivership.

13.     All persons or entities (other than the Receiver or persons acting on behalf of

Arrowood with the consent of the Receiver) that have in their possession or control Assets or possible Assets and/or have notice of these proceedings or of this Order are hereby enjoined and restrained from transacting any business of, or on behalf of, Arrowood or selling, transferring, destroying, wasting, encumbering, or disposing of any of the Assets, without the prior written permission of the Receiver or until further Order of this Court. This prohibition includes, without limitation, Assets or possible Assets pertaining to any business transaction between Arrowood and any of said parties.  No actions concerning, involving, or relating to such Assets or possible Assets may be taken by any of the aforesaid persons or entities enumerated herein, without the express written consent of the Receiver, or until further Order of this Court.

14.     All persons or entities having notice of these proceedings or of the Liquidation Order are hereby enjoined and restrained from exercising or relying upon any contractual right which would permit such third party or parties from withholding, failing to pay, setting-off or netting, except pursuant to 18 *Del. C.* § 5927, or taking similar action with respect to any obligations owed to Arrowood.

15.     All persons or entities having notice of these proceedings or of the Liquidation Order are hereby enjoined and restrained from commutating, terminating, accelerating or modifying any policy of insurance, agreement of reinsurance, or other contract or agreement, or asserting a default or event of default or otherwise exercising, asserting or relying upon any other right or remedy, based upon: (1) the filing of the Complaint for Entry

of Liquidation and Injunction Order with Bar Date, (2) the entry of this Liquidation Order, (3) the unsound or hazardous condition of Arrowood, (4) the impairment or insolvency of Arrowood; or (5) the facts and circumstances set forth in the Complaint for Entry of Liquidation and Injunction Order with Bar Date, without the prior written permission of the Receiver or until further Order of this Court.

16.     Except as otherwise indicated elsewhere in this Order or except as excluded by express written notice provided by the Receiver, all persons or entities holding Assets or possible Assets of, or on behalf of, Arrowood shall file with the Receiver within ten (10) calendar days of the entry of this Order an accounting of those Assets and possible Assets, regardless of whether such persons or entities dispute the Receiver's entitlement to such Assets.

17.     Except as otherwise indicated elsewhere in this Order or except as excluded by express written notice provided by the Receiver, all persons or entities holding Assets or possible Assets of, or on behalf of, Arrowood, shall within ten (10) calendar days of the entry of this Order turn those Assets or possible Assets over to the Receiver, regardless of whether such persons or entities dispute the Receiver's entitlement to such Assets or possible Assets.

18.     All persons and entities that have notice of these proceedings or of this Order are hereby prohibited from instituting or further prosecuting any action at law or in equity or in other proceedings against Arrowood, the Receiver, the Deputy Receiver(s), or the Designees in connection with their duties as such, or from obtaining preferences, judgments,

attachments, or other like liens or encumbrances, or foreclosing upon or making any levy against Arrowood or the Assets, or exercising any right adverse to the right of Arrowood to or in the Assets, or in any way interfering with the Receiver, the Deputy Receiver(s), or the Designees either in their possession and control of the Assets or in the discharge of their duties hereunder.

19.     All persons and entities are hereby enjoined and restrained from asserting any claim against the Commissioner as Receiver of Arrowood, the Deputy Receiver(s), or the Designees in connection with their duties as such, or against the Assets, except insofar as such claims are brought in the liquidation proceedings of Arrowood and in a manner otherwise compliant with this Order.

20.     All persons or entities that have notice of these proceedings or of this Order are hereby enjoined and restrained from instituting or further prosecuting any action at law or in equity, or proceeding with any pretrial conference, trial, application for judgment, or proceedings on judgment or settlements and such action at law, in equity, special, or other proceedings in which Arrowood is obligated to defend a party insured or any other person it is legally obligated to defend by virtue of its insurance contract for a period of 180 days from the date hereof.  Notwithstanding the foregoing injunction, at any time during the 180-day period, the Receiver may at his discretion, when he deems it appropriate and in the best interest of the Arrowood estate, its policyholders or creditors, consent to allow any such proceeding or proceedings so enjoined to proceed.

21.     All insurance policies, surety bonds, and contracts of insurance  issued by Arrowood, whether issued in the State of Delaware or elsewhere, in effect as of the date of this Liquidation Order shall only continue in force until the earlier of the following events:  (i) the stated expiration or termination date and time of the insurance policy, surety bond, or contract of insurance; (ii) the effective date and time of a replacement insurance policy, surety bond, or contract of insurance of the same type issued by another insurer regardless of whether the coverage is identical coverage; (iii) the effective date and time that the Arrowood insurance policy, surety bond, or contract of insurance obligation is transferred to another insurer or entity authorized by law to assume such obligation; or (iv) the cancellation and termination for all purposes of the insurance policy, surety bond, or contract of insurance at 12:01 a.m. on the thirtieth (30th) calendar day from the date of this Order pursuant to Paragraph 22 below.

22.     Except for those insurance policies, surety bonds, or contracts of insurance which expire or are cancelled, terminated, or transferred earlier as set forth in Paragraph 21(i) through (iii) above, all insurance policies, surety bonds, or contracts of insurance issued by Arrowood, whether issued in the State of Delaware or elsewhere, in effect as of the date of this Liquidation Order, are hereby cancelled and terminated for all purposes as of 12:01 a.m. on the thirtieth (30th) calendar day following the date of this Liquidation Order.  For purposes of this paragraph, even if the thirtieth (30th) calendar day following the date of this Liquidation Order is a Saturday, Sunday, or holiday, the insurance policy,

9

surety bond, or contract of insurance shall be cancelled and terminated as of 12:01 a.m. on the thirtieth (30th) calendar day following the date of this Liquidation Order.  The Receiver shall notify promptly all policyholders, principals, or obligees as applicable of such policy, surety bond, or contract cancellation and termination by United States first class mail at the last known address of such policyholders, principals or obliges.

23.     Pursuant to 18 *Del. C.* § 5924, the rights and liabilities of Arrowood and of its creditors, policyholders, principals, obligees, claimants, stockholders, members, subscribers, and all other persons interested in its estate shall, unless otherwise directed by the Court, be fixed as of the date of this Liquidation Order, subject to the provisions of Chapter 59 of Title 18 of the Delaware Code with respect to the rights of claimants holding contingent claims.

24.     ANY AND ALL CLAIMS NOT FILED WITH THE RECEIVER ON OR BEFORE THE CLOSE OF BUSINESS ON **JANUARY 15, 2025** (THE "BAR DATE") SHALL BE BARRED FROM CLASSES II THROUGH VI AS THOSE CLASSES ARE DEFINED IN 18 *DEL. C.* §§ 5918(e)(2) THROUGH (e)(6) AND SHALL NOT RECEIVE ANY DISTRIBUTIONS FROM THE GENERAL ASSETS OF THE ESTATE OF ARROWOOD UNLESS AND UNTIL ASSETS BECOME AVAILABLE FOR A DISTRIBUTION TO CLASS VII CLAIMANTS AS DEFINED IN 18 *DEL. C.* § 5918(e)(7).  THIS BAR DATE SHALL SUPERSEDE ANY APPLICABLE STATUTES OF LIMITATIONS OR OTHER STATUTORY OR CONTRACTUAL TIME LIMITS WHICH HAVE NOT YET EXPIRED

10

WHETHER ARISING UNDER DELAWARE LAW, UNDER THE APPLICABLE LAWS OF ANY OTHER JURISDICTION, OR UNDER A CONTRACT WITH ARROWOOD BUT SHALL ONLY APPLY TO CLAIMS AGAINST ARROWOOD IN THE LIQUIDATION PROCEEDINGS AND DOES NOT APPLY TO, AND EXCLUDES, CLAIMS BROUGHT BY ARROWOOD.  ALL CLAIMANTS SHALL ATTACH TO SUCH PROOF OF CLAIM DOCUMENTATION SUFFICIENT TO SUPPORT SUCH CLAIM.  FOR NON-CONTINGENT CLAIMS, THE FILED CLAIMS SHALL NOT BE REQUIRED TO BE LIQUIDATED AND ABSOLUTE ON OR BEFORE THE BAR DATE SET FORTH HEREIN.

25.     CONTINGENT AND UNLIQUIDATED CLAIMS THAT ARE PROPERLY FILED WITH THE RECEIVER IN ACCORDANCE WITH THIS ORDER SHALL ONLY BE ELIGIBLE TO SHARE IN A DISTRIBUTION OF THE ASSETS OF ARROWOOD IN ACCORDANCE WITH 18 *DEL. C.* § 5928.

26.     Within sixty (60) calendar days after the date of this Order, or as soon as possible after an interested party or potential creditor subsequently becomes known to the Receiver, the Receiver shall serve a copy of this Liquidation Order, a Notice of Liquidation substantially in the form appended to the Motion as Exhibit C, a Proof of Claim Form substantially in the form appended to the Motion as Exhibit D, and the Instructions for the Proof of Claim Form substantially in the form appended to the Motion as Exhibit E, on all interested parties, all known potential creditors, all current and former

11

stockholders of Arrowood, all former Board members of the Arrowood, its third party adjusters, its managing general underwriters, its brokers, its agents, its reinsurer(s), and any reinsurance intermediaries, all other known vendors, all state insurance guaranty associations providing coverage for the lines of business written by Arrowood, and all State Insurance Commissioners by United States first class mail, postage prepaid, provided that in the Receiver's discretion such notice may be mailed instead by United States first class certified mail, return receipt requested, or other United States mail providing proof of mailing, to such interested party or potential creditor's last known address in the company's files.

27. Within thirty (30) calendar days after the date of this Order, the Receiver shall also publish this Liquidation Order, the Notice of Liquidation, Proof of Claim Form, and the Instructions to the Proof of Claim Form on the Delaware Department of Insurance website at the link referred to in Exhibit "E" to the Motion.

28. Pursuant to the provisions of 18 *Del. C.* §§ 5904(b) and 5928(c), no judgment against Arrowood and/or one or more of its insureds taken after the date of this Liquidation Order shall be considered in the liquidation proceedings as evidence of liability or of the amount of damages, and no judgment against Arrowood and/or one or more of its insureds taken by default or by collusion prior to the effective date of the Liquidation Order shall be considered as conclusive evidence in the liquidation proceedings, either of the liability of Arrowood and/or one or more of its insureds to such

12

person or entity upon such cause of action or of the amount of damages to which such person or entity is therein entitled.

29.     The Receiver shall submit claim Recommendation Reports to the Court within a reasonable time after the Receiver's investigation concerning all claims submitted by a particular claimant has been completed.

30.     The Receiver will file reports of receipts and disbursements with the Court on an annual basis in a form consistent with past practice in receiverships.

31.     The filing or recording of this Order or a certified copy hereof with the Register in Chancery and with the recorder of deeds of the jurisdiction in which Arrowood's corporate and administrative offices are located or, in the case of real estate or other recorded property interests, with the recorder of deeds of the jurisdictions where the property is located, shall impart the same notice as would be imparted by a deed, bill of sale, or other evidence of title duly filed or recorded with that recorder of deeds.  Without limiting the foregoing, the filing of this Order with the Register in Chancery also constitutes notice to all sureties and fidelity bondholders of Arrowood of all potential claims against Arrowood under such policies and shall constitute the perfection of a lien in favor of Arrowood under the Uniform Commercial Code or any like Federal or state law, regulation, or order dealing with the priority of claims.

32.     The Receiver is hereby authorized to transfer some or all of Arrowood's Assets and liabilities to a separate affiliate or subsidiary for the overall benefit of

13

Arrowood's policyholders, creditors, and shareholders, subject to approval by this Court.

33.     The Receiver may, in his discretion, reject any executory contract to which Arrowood is a party.

34.     The Receiver may, in his discretion, appoint one or more consultants or other persons to serve as Deputy Receiver to assist the Receiver in accomplishing the directives of this Order.  The Deputy Receiver(s) shall serve at the pleasure of the Receiver and, subject to the approval of the Receiver, shall be entitled to exercise all of the powers and authorities vested in the Receiver pursuant to this Order and applicable law.

35.     The Receiver may employ or continue to employ and fix the compensation of such deputies, counsel, clerks, employees, accountants, actuaries, consultants, assistants and other personnel (collectively, the "Designees") as considered necessary, and all compensation and expenses of the Receiver, the Deputy Receiver(s) and the Designees and of taking possession of Arrowood and conducting this proceeding shall be paid out of the funds and assets of Arrowood as administrative expenses.  The Receiver may also retain those of Arrowood's current management personnel and other employees as Designees as he in his discretion determines would facilitate the liquidation of Arrowood.  All such Designees shall be deemed to have agreed to submit disputes concerning their rights, obligations, and compensation in their capacity as Designees to this Court.

36.     The Receiver, the Deputy Receiver(s), and the Designees (collectively, the "Indemnitees") shall have no personal liability for their acts or omissions in connection with

14

their duties, provided that such acts or omissions are or were undertaken in good faith and without willful misconduct, gross negligence, or criminal intent.  All expenses, costs, and attorneys' fees incurred by the Indemnitees in connection with any lawsuit brought against them in their representative capacities shall be subject to the approval of the Receiver, except that in the event that the Receiver is the Indemnitee, this Court's approval shall be required, and such expenses, costs, and attorneys' fees shall be exclusively paid out of the funds and assets of Arrowood.  The Indemnitees in their capacities as such shall not be deemed to be employees of the State of Delaware.

37.    Hereafter the caption of this cause and all pleadings in this matter shall read as:

> "IN THE MATTER OF THE LIQUIDATION
> OF ARROWOOD INDEMNITY COMPANY."

38.    This Court shall retain jurisdiction in this cause for the purpose of granting such other and further relief as this cause, the interests of the policyholders, creditors, stockholder of Arrowood, and the public may require.  The Receiver, or any interested party

upon notice to the Receiver, may at any time make application for such other and further

relief as either sees fit.

      SO ORDERED this _____ day of _____, 2023.


_____

Vice Chancellor

This document constitutes a ruling of the court and should be treated as such.

|  |  |
|---|---|
| **Court:** | DE Court of Chancery Civil Action |
| **Judge:** | Lori W. Will |
| **File & Serve Transaction ID:** | 71343102 |
| **Current Date:** | Nov 08, 2023 |
| **Case Number:** | 2023-1126-LWW |
| **Case Name:** | State of Delaware ex rel. The Honorable Trinidad Navarro v. Arrowood Indemnity Company |
| **Court Authorizer:** | Lori W. Will |

**Court Authorizer Comments:**

As set forth in the stipulation at docket entry 8, the relief sought in the motion and the facts supporting the motion are uncontested. The directors of the defendant have agreed to the relief sought in this liquidation order. Accordingly, the order is granted as unopposed.

**/s/ Judge Lori W. Will**